UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:16-CV-21405-DPG

YESSIKA JEANNETH GUADAMUZ
BERMUDEZ and all others similarly situated
under 29 U.S.C. 216(b).

    Plaintiff,
v.

LA CANASTA LATINA, CORP.,
ROBERTA K. CHAVEZ,

    Defendants.
_____/

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, La Canasta Latina Corp. and Roberta K. Chavez, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to First Amended Complaint and Demand for Jury Trial [DE 11] and state as follows:

1. This an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this paragraph, but admit for jurisdictional and venue purposes only.

3. Admitted that La Canasta Latina Corp is a corporation that regularly transacts business within Miami-Dade County and that Plaintiff was employed by Defendant.

4. Admitted.

5. Denied. No acts or omissions took place giving rise to a FLSA dispute.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. Admitted to the extent Plaintiff alleges violation of a United State Statute and her First Amended Complaint attempts to allege a cause of action for a collective action under 29 U.S.C. §216(b).

7. Admitted for jurisdictional purposes.

8. The statute referenced by Plaintiff speaks for itself. Defendants are unable to admit or deny as the paragraph does not contain a factual allegation.

9. Admitted that Plaintiff worked for Defendants in a customer attendant capacity and pursuant to payroll records her employment was from July 2012 to May 10, 2015.

10. Admitted that corporate Defendant is subject to the provisions of the FLSA. Remainder of allegations are denied.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

## COUNT II. FEDERAL MINIUM WAGE VIOLATION

15. The statute referenced by Plaintiff speaks for itself. Defendants are unable to admit or deny as the paragraph does not contain a factual allegation.

16. Denied.

17. Denied.

18. Denied.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATION

19. The statute referenced by Plaintiff speaks for itself.  Defendants are unable to admit or deny as the paragraph does not contain a factual allegation.

20. The statute referenced by Plaintiff speaks for itself.  Defendants are unable to admit or deny as the paragraph does not contain a factual allegation.

21. Defendants admit receiving Plaintiff's Minimum Wage Notices. The statute referenced by Plaintiff speaks for itself.  Defendants deny the remaining allegations of the paragraph.

22. The statute referenced by Plaintiff speaks for itself.  Defendants are unable to admit or deny as the paragraph does not contain a factual allegation.

23. The statute referenced by Plaintiff speaks for itself.  Defendants are unable to admit or deny as the paragraph does not contain a factual allegation.

24. Denied.

25. Denied.

26. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA.  Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiff was paid all monies due to her consistent with the applicable law. Any amounts, if any, that may be due to Plaintiff are *de minimus.*

### Third Affirmative Defense

Plaintiff's claims are barred by waiver and/or estoppel (collateral or otherwise) in that Plaintiff was paid consistent with her agreed-upon payment arrangement and work schedule.

### Fourth Affirmative Defense

Plaintiff's damages, if any, under applicable law, are limited by the relevant statute of limitations of two years.

### Fifth Affirmative Defense

Plaintiff has not met the requirements to bring a collective action under the FLSA and thus, fails to state a cause of action.

### Sixth Affirmative Defense

Plaintiff has failed to plead with sufficiency and failed to state a claim upon which relief can be granted or as required by the Rules of Court as to the alleged "others similarly situated" and therefore, cannot maintain claims as to said "others".

### Seventh Affirmative Defense

Plaintiff cannot fairly and adequately protect the interests of the class, as Plaintiff may have interests that are contrary to, or in conflict with, class members.

### Eighth Affirmative Defense

Plaintiff has failed to state a cause of action for an unpaid overtime wage claim under the FLSA.

### Ninth Affirmative Defense

Plaintiff has failed to state an unpaid minimum wage claim under the FLSA.

### Tenth Affirmative Defense

Plaintiff has failed to state an unpaid minimum wage claim under Florida Statute §448.10.

### Eleventh Affirmative Defense

To the extent corporate Defendant is found not to be liable, the individual Defendant, is also not liable for any violations of the FLSA because any claim against individual Defendant would only be a derivative of the claim against the corporate Defendant.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the First Amended Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that Defendants be awarded costs, and reasonable attorney's fees as may be allowed under 29 U.S. C. §§201-2016, 28 U.S.C. §1927, and under the federal rules of civil procedure.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully Submitted this 7th day of June, 2016.

> THE HORVAT LAW FIRM, PLLC
> 2525 Ponce de Leon Blvd. Suite 300
> Coral Gables, FL 33134
> Tel. 305.450.2825 Fax 305.675-0237
> Email: KLynda@HorvatLawFirm.com
> Attorney for Defendants
>
>  /s/*Keri Lynda Horvat*
> KERI LYNDA HORVAT
> Florida Bar No. 107182

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 7th of June 2016, I electronically filed this Defendants' Answer and Affirmative Defenses to First Amended Complaint and Demand for Jury Trial with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified, either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ *Keri Lynda Horvat, Esq.*
KERI LYNDA HORVAT

**SERVICE LIST:**

Allyson Greer Kutner
Elizabeth Olivia Hueber, Esq.
Stephen Michael Fox, Jr., Esq.
Jaime H. Zidell, Esq.
Email: amorgado.jhzidell@gmail.com
Email: eohueber@gmail.com
Email: Stephen.fox.esq@gmail.com
Email: zabogado@aol.com
JH Zidell PA
300 71 Street, Suite 605
Miami Beach, FL 33142
T. 305-865-6766
F. 305-865-7167